**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BUDD, LAWRENCE

**DEFENDANTS**
CITY OF PHILADELPHIA

**(b)** County of Residence of First Listed Plaintiff **Clearfield**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF PATRICK G. GECKLE, LLC, 1500 J.F.K. Blvd.,, Ste. 1850, Phila. PA 19102 - 215-735-3326

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

CONTRACT: ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise

REAL PROPERTY: ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property

PERSONAL INJURY: ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury

PERSONAL INJURY: ☐ 362 Personal Injury - Med. Malpractice ☐ 365 Personal Injury - Product Liability ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability

CIVIL RIGHTS: ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 445 Amer. w/Disabilities - Employment ☐ 446 Amer. w/Disabilities - Other ☒ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence Habeas Corpus: ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition

FORFEITURE/PENALTY: ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health ☐ 690 Other

LABOR: ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt.Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act

IMMIGRATION: ☐ 462 Naturalization Application ☐ 463 Habeas Corpus - Alien Detainee ☐ 465 Other Immigration Actions

BANKRUPTCY: ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS: ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark

SOCIAL SECURITY: ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g))

FEDERAL TAX SUITS: ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES: ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900 Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 U.S.C. §1983
Brief description of cause:
Plaintiff was denied his constitutional and statutory rights.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 200,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 6/13/2013
SIGNATURE OF ATTORNEY OF RECORD
PATRICK G. GECKLE, ESQUIRE

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   P.O. Box 1000, Houtzdale, PA 16698-1000

Address of Defendant:   1515 Arch Street, 14th  Floor, One Parkway Bldg., Philadelphia, PA 19102-1595

Place of Accident, Incident or Transaction   2000 block of North 8th Street, Philadelphia, PA
                                        (Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                        Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                        Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                        Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                        Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,   Patrick G. Geckle, Esquire  , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE:   6/13/2013            _____            26718
                            Attorney-at-Law                     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   6/13/2013            _____            26718
                            Attorney-at-Law                     Attorney I.D.#

CIV. 609 (6/08)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| LAWRENCE BUDD | : | CIVIL ACTION |
| | : | |
| v | : | |
| | : | |
| CITY OF PHILADELPHIA,  et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                      ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits                                                ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                                       ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                          ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.               ( X )


| | | |
|---|---|---|
| 6/13/2013 | Patrick G. Geckle | Lawrence Budd |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-735-3326 | 215-567-1998 | pgeckle@pgglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAWRENCE BUDD                              :
Inmate Number HT-0220                      :
SCI-Houtzdale                              :
P.O. Box 1000                              :
Houtzdale, PA 16698-1000                   :
                                           :
          vs.                              :
                                           :
CITY OF PHILADELPHIA                       :   Civil Action No.
c/o City of Philadelphia Law Department    :
Claims Unit, One Parkway Building          :
1515 Arch Street, 14th Floor               :
Philadelphia, PA 19102-1595               :
          and                              :   JURY TRIAL DEMANDED
POLICE OFFICER RICHARD P. NICOLETTI        :
BADGE NUMBER 3798                          :
Individually and as a police officer       :
for the City of Philadelphia               :
c/o City of Philadelphia Law Department    :
Claims Unit, One Parkway Building          :
1515 Arch Street, 14th Floor               :
Philadelphia, PA 19102-1595               :
          and                              :
POLICE OFFICER MARKOWSKI                   :
BADGE NUMBER 6917                          :
Individually and as a police officer       :
for the City of Philadelphia               :
c/o City of Philadelphia Law Department    :
Claims Unit, One Parkway Building          :
1515 Arch Street, 14th Floor               :
Philadelphia, PA 19102-1595               :
          and                              :
POLICE OFFICER JOHN DOE NUMBER 1           :
BADGE NUMBER                               :
Individually and as a police officer       :
for the City of Philadelphia               :
c/o City of Philadelphia Law Department    :
Claims Unit, One Parkway Building          :
1515 Arch Street, 14th Floor               :
Philadelphia, PA 19102-1595               :   Attorney ID # 26718


**COMPLAINT**

## Jurisdiction

1.   This action is brought pursuant to 42 U.S.C. §1983.
Jurisdiction is based upon 28 U.S.C. §§1331 and 1343 (1),(3),(4)
and the aforementioned statutory provision. Plaintiff further
invokes the supplemental jurisdiction of this Court pursuant to
28 U.S.C. §1367(a) to hear and adjudicate state law claims.

## Parties

2.   Plaintiff, Lawrence Budd, is a resident of the
Commonwealth of Pennsylvania, and at all times relevant to this
action was present in Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia, is a municipality of the
Commonwealth of Pennsylvania and owns, operates, manages, directs
and controls the Philadelphia Police Department which employs
Defendants, Nicoletti and Markowski.

4.   Defendant, Richard P. Nicoletti, Badge Number 3798, is a
police officer for the Philadelphia Police Department acting
under color of state law.  He is being sued in his individual and
official capacity.

5.   Defendant, Markowski, Badge Number 6917, is a police
officer for the Philadelphia Police Department acting under color
of state law.  He is being sued in his individual and official
capacity.

6.   Defendant, John Doe #1, is and was at all times a police

2

officer for the City of Philadelphia, and acting under color of state law and within the scope and course of his employment. He is being sued in his individual and official capacity.

7. At all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Plaintiff Lawrence Budd of his constitutional and statutory rights as hereinafter described.

## Factual Allegations

8. On or about June 16, 2011 at approximately 8:00 p.m. Plaintiff Lawrence Budd was walking in the 2000 block of North 8th Street in the City of Philadelphia.

9. As he was walking down the street suddenly an unmarked Philadelphia police car pulled up along side of him, Defendant Police Officer Nicolette and/or Defendant Police Officers Markowski and/or John Doe 1 exited the unmarked police car, drew their service weapons and pointed them directly at Plaintiff's head and then said to him "Don't f_ _ _ ing move or we'll f _ _ _ ing blow your brains out."

10. At the time Plaintiff Lawrence Budd was approached by the Defendant police officers, he was unarmed, not acting in anyway which could be considered aggressive nor was he acting in anyway which could be perceived to be a threat to the Defendant police officers or to anyone else.

11. Plaintiff Budd was then approached by the Defendant

3

police officers and either Defendant Officer Nicoletti or Defendant Officer Markowski or Defendant Officer John Doe 1 approached him and struck Plaintiff in the face with his walkie talkie knocking him to the ground.

12.   After Plaintiff had been knocked to the ground, either Defendant Police Officer Nicholetti and/or Police Officer Markowski and/or John Doe 1 then began to punch and kick Plaintiff while he was on the ground.

13.   After being struck in the nose with the walkie talkie and punched and kicked, Plaintiff temporarily lost consciousness. The next thing he recalls is being handcuffed and thrown onto the hood of the police car.

14.   As a result of the conduct of the Defendant officers, Plaintiff showed obvious signs of injury and therefore was transported to Episcopal Hospital where he was x-rayed and diagnosed with a fractured nose, trauma to the head, closed head injury, and abrasions to face and head.

15.   In addition, Plaintiff also suffered a fractured tooth which, due to the extent of the injury, eventually had to be extracted.

16.   At no time during Plaintiff's encounter with any of the Defendant police officers did he act in an aggressive manner, resist arrest or do anything which could be considered to be threatening to any of the Defendant police officers or anyone

4

else.

17.   The vicious and malicious beating of the Plaintiff by Defendant Police Officer Nicoletti and/or Defendant Police Officer Markowski and/or Defendant Police Officer John Doe 1 was without justification and was in violation of Plaintiff's rights under the Pennsylvania Constitution and the United States Constitution.

18. As a direct and proximate result of the actions of Defendants, Plaintiff Lawrence Budd suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent as well a financial losses.

19.   The use of unreasonable and excessive force is part of Defendants' pattern, practice and custom of subjecting citizens such as Plaintiff Lawrence Budd to unreasonable and excessive force.

20.   Defendant Police Officer Nicolette and/or Defendant Police Officer Markowski and/or Defendant Police Officer John Doe 1 acted willfully, deliberately, maliciously or with reckless disregard of Plaintiff Lawrence Budd's constitutional and statutory rights.

21.   Defendants engaged in the aforesaid conduct for the purpose of violating Lawrence Budd's constitutional rights by subjecting him to unreasonable and excessive force.

5

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

22.   Plaintiff Lawrence Budd incorporates by reference paragraphs 1 through 21 of the instant Complaint.

23.   As a direct and proximate result of all Defendants' conduct, committed under color of state law, Plaintiff Lawrence Budd was deprived of his right to be free from unreasonable and excessive force, to be secure in his person and property and to due process of law.  As a result, Plaintiff Lawrence Budd suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular, the First, Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

24.   As a direct and proximate result of the acts of all Defendants, Plaintiff Lawrence Budd sustained physical injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

25.   Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

>   a.   The use of unreasonable force and excessive force by police officers;

6

b.  The proper exercise of police powers, including but not limited to the unreasonable use of force, the excessive use of force, and violations of citizens' free speech rights, particularly in connection with perceived challenges to police authority;

c.  The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

d.  The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e.  Police officers' use of their status as police officers to employ the use of excessive force, or to achieve ends not reasonably related to their police duties; and

f.  The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force under such circumstances as presented herein.

26.  The City of Philadelphia failed to properly sanction or

7

discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia police officers, thereby causing and encouraging Philadelphia police, including the Defendant officers in this case, to violate the rights of citizens such as Plaintiff, Lawrence Budd.

27.  Defendants have by the above described actions deprived Plaintiff Lawrence Budd of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

### SECOND CAUSE OF ACTION
### SUPPLEMENTAL STATE CLAIMS

28.  Plaintiff Lawrence Budd incorporates by reference paragraphs 1 through 27 of the instant Complaint.

29.  The acts and conduct of the Defendants in this cause of action constitute assault, battery, intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate this claims.

WHEREFORE, Plaintiff Lawrence Budd requests the following relief:

  a.  Compensatory damages;

  b.  Punitive damages;

  c.  Reasonable attorney's fees and costs;

8

d.   Such other and further relief as appears reasonable and just; and

e.   A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: _____

Patrick G. Geckle,
Attorney I.D. No.: 26718
PATRICK G. GECKLE, LLC
Two Penn Center - Suite 1850
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
(215) 735-3326 - phone
(215) 567-1998 - fax
E-Mail: pgeckle@pgglaw.com
Counsel for Plaintiff

9