**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAWRENCE BUDD, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | 13-3344 |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER TO COMPLAINT
WITH AFFIRMATIVE DEFENSES**

Defendants City of Philadelphia, Police Officer Nicoletti, and Police Officer Markowski (hereinafter "Answering Defendants"), by and through their undersigned counsel, hereby respond to Plaintiff's Complaint as follows:

**Jurisdiction**

1.      The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

**Parties**

2.      Admitted.

3.      Admitted in part; denied in part.  It is admitted that the City of Philadelphia is a municipal corporation duly organized and operating under the rules and regulations set forth to it by the Commonwealth of Pennsylvania. The remaining allegations in this paragraph are denied.

4.      It is admitted only that Police Officer Richard P. Nicoletti, Badge Number 3798, is an employee of the Philadelphia Police Department.  All other allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

5.      It is admitted only that Police Officer Markowski, Badge Number 6917, is an employee of the Philadelphia Police Department.  All other allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.

6.      The allegations of this paragraph are directed at unnamed individuals other than Answering Defendants and so no response is required.  Furthermore, the allegations of this paragraph are statements of law to which no responsive pleading is required.

7.      The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, denied.

**Factual Allegations**

8.      Answering Defendants have insufficient information to admit or deny the allegations of this paragraph, and they are therefore deemed denied.

9.      Answering Defendants have insufficient information to admit or deny the allegations of this paragraph, and they are therefore deemed denied.

10.      Answering Defendants have insufficient information to admit or deny the allegations of this paragraph, and they are therefore deemed denied.

11.      Answering Defendants have insufficient information to admit or deny the allegations of this paragraph, and they are therefore deemed denied.

12.      Answering Defendants have insufficient information to admit or deny the allegations of this paragraph, and they are therefore deemed denied.

13.      Answering Defendants have insufficient information to admit or deny the allegations of this paragraph, and they are therefore deemed denied.

14.      Answering Defendants have insufficient information to admit or deny the allegations of this paragraph, and they are therefore deemed denied.   By way of further response, Answering

Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations regarding the injuries, sufferings and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied.

15.    Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations regarding the injuries, sufferings and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied.

16.    Answering Defendants have insufficient information to admit or deny the allegations of this paragraph, and they are therefore deemed denied.  By way of further response, allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, denied.

17.    The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, denied.

18.    The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, denied.  By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations regarding the injuries, sufferings and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied.

19.    The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, denied.

20.    The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, denied.

21.    The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, denied.

**First Cause of Action**
**Federal Civil Rights Violations**

22.     Answering Defendants incorporate by reference their answers to paragraphs 1 through 21, inclusive, as though fully set forth herein.

23.     The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, denied.

24.     The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, denied.  By way of further response, Answering Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations regarding the injuries, sufferings and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied.

25(a-f).         The allegations of these paragraphs constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, denied.

26.     The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, denied.

27.     The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, denied.

**Second Cause of Action**
**Supplemental State Law Claims**

28.     Answering Defendants incorporate by reference its answers to paragraphs 1 through 27, inclusive, as though fully set forth herein.

29.     The allegations of this paragraph constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, denied.

**Affirmative Defenses**

1.      It is averred that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 upon which

relief can be granted.

2.      Answering Defendants assert all of the defenses, immunities, and limitations of damages

available to them under the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541 et seq.,

and aver that Plaintiff's remedies are limited exclusively thereto.

3.      Defendants are immune from suit by virtue of the doctrine of qualified immunity.

4.      Any force used against plaintiff was reasonable and necessary under the circumstances.

5.      Defendant Officers assert all of the defenses available to them as police officers under 18

Pa.C.S.A. § 508 *et seq*.


WHEREFORE, Answering Defendants deny that they are liable upon the causes of action stated,

if any, and demand judgment in their favor with interest and costs.


                                        Respectfully submitted,


Date: August 16, 2013                    /s/ *Anne B. Taylor*
                                        ANNE B. TAYLOR
                                        Assistant City Solicitor
                                        1515 Arch Street, 14th Floor
                                        Philadelphia, PA  19102
                                        (215) 683-5447

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAWRENCE BUDD, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | 13-3344 |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of Defendants' Answer with Affirmative

Defenses has been served upon the following individual/s by first class mail:

> Patrick G. Geckle, Esq.
> LAW OFFICES PATRICK G. GECKLE, LLC
> Two Penn Center, Suite 1850
> 1500 JFK Boulevard
> Philadelphia, PA  19102

Date: August 16, 2013                                    Respectfully submitted,


/s/ *Anne B. Taylor*
ANNE B. TAYLOR
Assistant City Solicitor
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
(215) 683-5447